UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREY ALISHAYEV, | : <br> : |
| Plaintiff, | : NO.: 1:25-cv-02075-MMG <br> : |
| v. | : **ANSWER TO COMPLAINT WITH** <br> : **AFFIRMATIVE DEFENSES** |
| JUDGMENT RECOVERY PARTNERS LLC, TYLER UMANS, JAMES W. OLSEN, and RIVER HEIGHTS CAPITAL, LLC, | : <br> : <br> : <br> : |
| Defendants. | : <br> : |

**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants Judgment Recovery Partners LLC ("JRP"), Tyler Umans ("Umans"), and James W. Olsen ("Olsen") (collectively "Answering Defendants"), by and through their undersigned counsel, answer Plaintiff's complaint and state as follows:

**SUMMARY OF CLAIMS**

Answering Defendants contend that no response is required to this portion of the complaint. To the extent a response is required, Answering Defendants deny the Plaintiff's allegations.

**A.   JURISDICTION AND VENUE**

1. The allegations in this paragraph are statements of law which require no response.

2. The allegations in this paragraph are statements of law which require no response.

**B.   PARTIES**

3. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

4. Denied as characterized. JRP admits it is a limited liability company organized and existing under the laws of the State of Wyoming, with the business address indicated. JRP denies the remaining characterizations in this paragraph.

5. JRP admits it has the business address indicated. To the extent the allegations in this paragraph refer to written documents, those document speak for themselves.

6. Denied as stated. The allegations in this paragraph refer to a document which speaks for itself. JRP denies Plaintiff's characterizations.

7. Denied as stated. The allegations in this paragraph are conclusions of law which require no response.

8. Admitted.

9. Denied as stated. The allegations in this paragraph are conclusions of law which require no response.

10. Denied as characterized. Olsen admits he resides in Colorado and is licensed to practice law in New York. To the extent the allegations refer to websites, those websites speak for themselves and Olsen denies Plaintiff's characterizations.

11. Denied as stated. Most of the allegations in this paragraph are conclusions of law which require no response. Olsen denies the characterization that he allows JRP to use his digital signature.

12. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

13. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

14. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

15. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

16. Denied as stated. The allegations in this paragraph are conclusions of law which require no response. To the extent the allegations refer to a written document, it speaks for itself and JRP denies Plaintiff's characterizations.

17. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

18. Denied as stated. The allegations in this paragraph are conclusions of law or are directed to other parties. As such, no response is required.

19. Denied as stated. The allegations in this paragraph are conclusions of law which require no response.

### C.    STATEMENT OF FACTS

20. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

21. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required. To the extent the allegations refer to written documents, they speak for themselves.

22. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations.

23. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations. To the extent this paragraph contains conclusions of law, no response is required.

24. The allegations in this paragraph are not directed to Answering Defendants and are conclusions of law. As such, no response is required.

25. The allegations in this paragraph are not directed to Answering Defendants and are conclusions of law. As such, no response is required.

26. Denied as stated. The allegations in this paragraph are not directed to Answering Defendants and refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations.

27. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations.

28. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations.

29. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations. To the extent the allegations are not directed to Answering Defendants, no response is required.

30. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. To the extent the allegations are conclusions of law, no response is required.

31. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves.

32. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

33. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

34. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

35. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

36. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

37. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

38. Answering Defendants lack knowledge or information sufficient to either admit or deny the allegations in this paragraph. However, JRP admits that Charles Brown and Plaintiff did speak on April 2, 2024.

39. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

40. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations. To the extent the allegations are not directed to Answering Defendants, no response is required.

41. Denied as stated. JRP admits that Charles Brown and Plaintiff did speak on April 4, 2024. Charles Brown provided two (2) e-mail addresses for Plaintiff to submit an ECF.

42. Denied as stated. JRP incorporates its previous answer. For the reasons stated, a fax number was not needed.

43. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations.

44. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations.

45. Denied as stated. To the extent the allegations are not directed to Answering Defendants, no response is required.

46. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations.

47. Denied. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations. To the extent the allegations are conclusions of law, no response is required.

48. The allegations in this paragraph are conclusions of law which require no response.

49. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations.

50. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations. To the extent the allegations are not directed to Answering Defendants, no response is required.

51. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations. To the extent the allegations are not directed to Answering Defendants, no response is required.

52. Denied as stated. JRP admits that Charles Brown and Plaintiff spoke on April 12, 2024.

53. Denied.

54. Denied as stated. The allegations in this paragraph refer to written documents – not attached to the complaint – which presumably speak for themselves. Answering Defendants deny Plaintiff's characterizations.

55. Denied as stated. The allegations in this paragraph refer to written documents – not attached to the complaint – which presumably speak for themselves. Answering Defendants deny Plaintiff's characterizations.

56. The allegations in this paragraph as not directed to Answering Defendants. As such, no response is required.

57. Denied as stated. JRP admits that Charles Brown spoke to Plaintiff on April 16, 2024 and advised Plaintiff that he had not demonstrated that all of the funds in the account came from SSDI.

58. The allegations in this paragraph as not directed to Answering Defendants. As such, no response is required.

59. The allegations in this paragraph as not directed to Answering Defendants. As such, no response is required.

60. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations.

61. The allegations in this paragraph as not directed to Answering Defendants. As such, no response is required.

62. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations.

63. Admitted that JRP received funds. The remaining allegations in this paragraph are not directed to Answering Defendants.

64. The allegations in this paragraph as not directed to Answering Defendants. As such, no response is required.

65. The allegations in this paragraph refer to written documents which speak for themselves.

66. The allegations in this paragraph as not directed to Answering Defendants. As such, no response is required. To the extent the allegations in this paragraph refer to written documents, they speak for themselves.

67. The allegations in this paragraph as not directed to Answering Defendants. As such, no response is required. To the extent the allegations in this paragraph refer to written documents, they speak for themselves.

68. The allegations in this paragraph refer to written documents which speak for themselves. To the extent the allegations are not directed to Answering Defendants, no response is required. Answering Defendants deny Plaintiff's characterizations.

69. The allegations in this paragraph as not directed to Answering Defendants. As such, no response is required.

70. The allegations in this paragraph as not directed to Answering Defendants. As such, no response is required.

71. Denied as stated. The allegations in this paragraph refer to written documents – not attached to the complaint – which presumably speak for themselves. Answering Defendants deny Plaintiff's characterizations.

72. Denied as stated. The allegations in this paragraph refer to written documents which speak for themselves. Answering Defendants deny Plaintiff's characterizations.

73. The allegations in this paragraph as not directed to Answering Defendants. As such, no response is required.

74. Denied as stated. Answering Defendants admit that Plaintiff received a refund, but deny the garnishment was illegal.

75. Denied. Answering Defendants deny allegations of wrongful conduct, or that they caused Plaintiff to sustain any damages.

76. Denied. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required. However, Answering Defendants deny allegations of wrongful conduct, or that they caused Plaintiff to sustain any damages.

77. Denied. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required. However, Answering Defendants deny allegations of wrongful conduct, or that they caused Plaintiff to sustain any damages.

78. Denied. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required. However, Answering Defendants deny allegations of wrongful conduct, or that they caused Plaintiff to sustain any damages.

79. Denied. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required. However, Answering Defendants deny allegations of wrongful conduct, or that they caused Plaintiff to sustain any damages.

80. Denied. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required. However, Answering Defendants deny allegations of wrongful conduct, or that they caused Plaintiff to sustain any damages.

81. Denied. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required. However, Answering Defendants deny allegations of wrongful conduct, or that they caused Plaintiff to sustain any damages.

82. Denied. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required. However, Answering Defendants deny allegations of wrongful conduct, or that they caused Plaintiff to sustain any damages.

83. Denied. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required. However, Answering Defendants deny allegations of wrongful conduct, or that they caused Plaintiff to sustain any damages.

84. Denied as stated. The allegations in this paragraph relate to a written document which speaks for itself. Answering Defendants deny Plaintiff's characterizations.

85. Denied as stated. The allegations in this paragraph relate to a written document which speaks for itself. Answering Defendants deny Plaintiff's characterizations.

86. Denied as stated. The allegations in this paragraph relate to a written document which speaks for itself. Answering Defendants deny Plaintiff's characterizations.

87. Denied as stated. 82 Nassau Street is an address previously used by JRP.

88. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

89. The allegations in this paragraph are not directed to Answering Defendants. As such, no response is required.

90. Denied as stated. The allegations in this paragraph relate to a written document which speaks for itself. Answering Defendants deny Plaintiff's characterizations.

91. Denied as stated. The allegations in this paragraph relate to a written document which speaks for itself. Answering Defendants deny Plaintiff's characterizations.

92. Denied as stated. The allegations in this paragraph relate to a written document which speaks for itself. Answering Defendants deny Plaintiff's characterizations.

93. Denied as stated. The allegations in this paragraph relate to a written document which speaks for itself. Answering Defendants deny Plaintiff's characterizations.

94. Denied as stated. The allegations in this paragraph relate to a written document which speaks for itself. Answering Defendants deny Plaintiff's characterizations.

95. Denied as stated. The allegations in this paragraph relate to websites which speak for themselves. Answering Defendants deny Plaintiff's characterizations.

96. Denied as stated. The allegations in this paragraph relate to a written document which speaks for itself. Answering Defendants deny Plaintiff's characterizations.

97. Denied.

98. Denied.

99. Denied.

### D. COUNT 1: FAIR DEBT COLLECTION PRACTICES ACT

100. Answering Defendants incorporate their answers to all other paragraphs by reference as if set forth fully herein.

101. The allegations in this paragraph are statements of law which require no response.

102. The allegations in this paragraph are statements of law which require no response.

103. The allegations in this paragraph are statements of law which require no response.

104. The allegations in this paragraph are statements of law which require no response.

105. The allegations in this paragraph are statements of law which require no response.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. The allegations in this paragraph are statements of law which require no response.

### E. COUNT 2: CONVERSION

111. Answering Defendants incorporate their answers to all other paragraphs by reference as if set forth fully herein.

112. The allegations in this paragraph are statements of law which require no response.

113. The allegations in this paragraph are statements of law which require no response.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

### F. JURY DEMAND

120. The allegations in this paragraph require no response.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, with such further relief as the Court may deem appropriate.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff's claims must be dismissed because Plaintiff has failed to state claims for which relief may be granted.

#### Second Affirmative Defense

Plaintiff's claims for any actual damages must be dismissed to the extent that Plaintiff does not show an entitlement to such relief.

#### Third Affirmative Defense

Plaintiff's claims for any actual damages are barred to the extent Plaintiff failed to take action to mitigate such damages.

#### Fourth Affirmative Defense

Plaintiff's claims must be dismissed to the extent Plaintiff attempts to impose liability for the actions of third parties not under Answering Defendants' control.

#### Fifth Affirmative Defense

If Answering Defendants did violate the FDCPA, which Answering Defendants deny, any violations were the result of a bona fide error. Answering Defendants established and followed procedures intended to prevent any violations.

**Sixth Affirmative Defense**

Answering Defendants incorporate, by reference, affirmative defenses set forth by the Co-Defendant, and reserve the right to rely upon them.

WHEREFORE, Answering Defendants respectfully request that the Court enter judgment against Plaintiff and in favor of Answering Defendants in connection with all claims for relief, award Answering Defendants their reasonable attorneys' fees and costs, and such further relief as the Court deems appropriate.

Dated: New York, New York
      June 3, 2025

      Respectfully Submitted,

      _____
      Joseph A. Oliva, Esq.
      GOLDBERG SEGALLA LLP
      *Attorneys for Defendants*
      **JUDGMENT RECOVERY PARTNERS LLC, TYLER UMANS and JAMES W. OLSEN**
      711 3rd Avenue, Suite 1900
      New York, New York 10017
      T: (646) 292-8700 / F: (646) 292-8701
      joliva@goldbergsegalla.com
      GS File No.: 7854.0142

TO:    **THE LAW OFFICE OF AHMAD KESHAVARZ**
        Ahmad Keshavarz, Esq.
        *Attorneys for Plaintiff*
        ANDREY ALISHAYEV
        16 Court St., 26th Floor
        Brooklyn, NY 11241-1026
        Phone: (718) 522-7900 / Fax: (877) 496-7809
        ahmad@NewYorkConsumerAttorney.com

        **MESSER STRICKLER BURNETTE, LTD.**
        Lori J. Quinn, Esq.
        *Attorneys for Defendant*
        RIVER HEIGHTS CAPITAL, LLC
        49 W. Jericho Tpke, #1004
        Huntington, New York 11746
        Phone: (646) 779-8653 / Fax: (312-334-3473)
        Ljquinn2messerstrickler.com

**CERTIFICATE OF SERVICE**

I, Joseph A. Oliva, do hereby certify that on **June 3, 2025,** a copy of the foregoing **ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES** was filed electronically via ECF and served in accordance with the applicable rules of Civil Procedure and of the Court upon the following:

| | |
|---|---|
| THE LAW OFFICE OF AHMAD KESHAVARZ<br>Ahmad Keshavarz, Esq.<br>*Attorneys for Plaintiff*<br>ANDREY ALISHAYEV<br>16 Court St., 26th Floor<br>Brooklyn, NY 11241-1026<br>Phone: (718) 522-7900 / Fax: (877) 496-7809<br>ahmad@NewYorkConsumerAttorney.com | MESSER STRICKLER BURNETTE, LTD.<br>Lori J. Quinn, Esq.<br>*Attorneys for Defendant*<br>RIVER HEIGHTS CAPITAL, LLC<br>49 W. Jericho Tpke, #1004<br>Huntington, New York 11746<br>Phone: (646) 779-8653 / Fax: (312) 334-3473<br>Ljquinn2messerstrickler.com |

_____
JOSEPH A. OLIVA (JA 7672)