

Matthew S. Marrone  |  Partner
Direct 267.519.6851  |  mmarrone@goldbergsegalla.com

September 25, 2025

**VIA ECF**
Hon. Margaret M. Garnett, U.S.D.J.
United States District Court, S.D.N.Y.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 906
New York, NY 10007

      Re:    Alishayev v. Judgment Recovery Partners LLC et al
             Case No.: 1:25-cv-2075-MMG

Dear Judge Garnett:

      The undersigned represents Defendants Judgment Recovery Partners, LLC, Tyler Umans, and James W. Olsen in this action. The parties submit this Joint Letter describing the case, contemplated motions, and prospects of settlement pursuant to Dkt. 11, the Notice of Initial Conference.

**DESCRIPTION OF THE CASE**

      **Plaintiff's View**: Plaintiff Andrey Alishayev brings this action against Defendants Judgment Recovery Partners LLC ("JRP"), a California judgment recovery company, Tyler Umans, a principle at JRP, James W. Olsen, a Colorado attorney licensed in New York, River Heights Capital, LLC, the putative assignee of a default judgment, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and for conversion related to the unlawfully restraining, seizing, and retaining Mr. Alishayev's exempt Social Security Disability Income.

      Plaintiff Andrey Alishayev is disabled and low income. He lives solely off of $1,679.00 a month in Social Security Disability Income ("SSDI"). The sole money in his bank account is from SSDI. Fourteen years ago a debt collector used a false affidavit of service to obtain a default judgment against Mr. Alishayev. He knew nothing of the judgment until April 1, 2024, when he learned that he could not access $8,997.90 from his Chase bank account, about one-third of his life's savings. Frantic, he went to his local Chase branch. The bank told him they could not provide him any information other than the phone number for the marshal and four pages of documents, the most important being an Exemption Claim Form ("ECF"). When Mr. Alishayev called the marshal, they gave him the number of Judgment Recovery Partners LLC (JRP). Mr. Alishayev told JRP they were restraining his bank account that contained solely SSDI. JRP asked Mr. Alishayev to email bank statements showing the Social Security deposits. Mr. Alishayev did so immediately. The statements showed the direct deposits from the Social Security Administration ("SSA"). On or about April 6, 2024 Mr. Alishayev also faxed the marshal the bank statements, an executed ECF, and a letter from the SSA documenting that he had been receiving SSDI since August 21, 2021 and the amount of his monthly payments. The documents in the April 6 fax demonstrate, as a matter of arithmetic and of law, that all of the money in the account was SSDI, and thus could not be lawfully restrained. The marshal emailed the documents from the April 6 fax to JRP, specifically Tyler Umans as principal at JRP. JRP should have then immediately released the money. It did not. JRP asked for additional bank statements from Mr. Alishayev, who promptly emailed the statements; the statements, again, showed only SSA direct deposits. JRP said

711 3rd Avenue, Suite 1900, New York, NY 10017-4013  |  646-292-8700  |  267-519-6801  |  **www.goldbergsegalla.com**

CALIFORNIA  |  CONNECTICUT  |  DELAWARE  |  FLORIDA  |  ILLINOIS  |  NEW JERSEY  |  NEW YORK  |  NORTH CAROLINA  |  MARYLAND  |  MISSOURI  |  PENNSYLVANIA

Hon. Margaret M. Garnett, U.S.D.J.
Page 2

it would have its "upper management" review. In a follow-up call, JRP said (incorrectly) to Mr. Alishayev that it was his responsibility to hire a forensic accountant to show all the money was exempt. Chase then removed the $8,997.90 from Mr. Alishayev and issued the marshal a check for that amount. The marshal then emailed JRP, Tyler Umans specifically, and asked what they wanted him to do with the money since they received the ECF and supporting documents. Should they return the money to Mr. Alishayev, the marshal asked? Mr. Umans, who had all of the documents from the April 6 fax conclusively showing all the money was exempt, said to send the money to JRP. The marshal promptly issued the check and mailed it to JRP in California.

For 5 ½ months, from when he learned his account had been restrained, Mr. Alishayev went through frenzied attempts to get the money back by calls, emails, and faxes with JRP, a flurry of *pro se* motions and court hearings, and a complaint with the New York Attorney General until, after the Attorney General's involvement, JRP finally returned his money.

JRP is neither the judgment assignee nor a law firm, but takes the role of both in controlling the entire execution process. JRP generates, from its California office, an Execution with the name and apparently digital signature of James W. Olsen, an attorney who resides in Colorado but has a New York law license. The New York address for the Olsen firm is the same address listed by JRP; the address is a UPS store with a mail forwarding service. Mr. Olsen, in fact, has no involvement with the Executions, which can only be issued by a licensed New York attorney; all communications with the marshal are from JRP in California. Essentially, JRP is engaging in the unauthorized practice of law, and Mr. Olsen is allowing JRP to use his license.

Defendants inflicted substantial damage on Mr. Alishayev, who is disabled and particularly vulnerable. He could not sleep for those 5 ½ months, tossing, turning, and fixating on how he could get his money back and what would happen if he could not. He would not be able to fall asleep until 2:00 or 3:00 AM and was up by 4:00 or 5:00 AM, and he was then exhausted during the day. This was all he could think about when he was trying to go to sleep. He was haunted. He lived in fear that he would not be able to pay his rent, be evicted, and again be homeless. This was no small fear: in the past he had been homeless for three years. He lost all appetite. Sometimes he would go an entire day without eating. He lost *thirty pounds* over these months because of the stress and inability to eat. He felt scared, isolated, powerless, and alone.

**Defendants' View**: This matter involves a judgment that was entered against the plaintiff, Andrey Alishayev, on June 13, 2011, in the amount of $6,753.72. Through sale and assignments, the debt ultimately ended up in the possession of defendant River Heights Capital, LLC ("RHC"), which sought to collect on the debt in 2024. By the time RHC sought to collect, the debt amount had increased to $8,997.90, including interest and other fees.

Judgment Recovery Partners, LLC ("JRP") is a debt collection agency that services collection work for RHC in New York. Tyler Umans is a member of JRP. James Olsen is an attorney, licensed in New York, who JRP uses in connection with its collection work. There is nothing improper about the relationship between RHC, JRP, and Mr. Olsen. Mr. Olsen was not a "rubber stamp" for JRP, and did not allow JRP to simply use and sign his name on documents, as plaintiff implies in this action.

Once Mr. Olsen received the assignment from JRP to collect the debt, he instructed the Marshal's Office to levy on Mr. Alishayev's account with JP Morgan Chase Bank. Once the garnishment process began, Mr. Alishayev had the right to send an exemption claim form to the

Hon. Margaret M. Garnett, U.S.D.J.
Page 3

bank and to the creditor within 20 days, if he believed that the funds in the account were exempt. If he had done this – *and* provided sufficient proof that the funds (or a portion of the funds) in the account were *actually* exempt – JRP would have been required instruct the bank to release the exempt portion of the funds from garnishment. Regardless of the documents accompanying the debtor's exemption claim form, the bank would have been required to release the restrained funds eight days *after receiving an exemption claim form*, unless the creditor filed an objection in court within that time.

In this case, Mr. Alishayev did not follow the above process. Importantly, he never sent the exemption claim form to the bank, and it does not appear the form made its way to JRP within the 20 day period. If he had provided the form to the bank, the onus would have been on the creditor to file an objection in court. If no objection was filed, then in accordance with the process outlined above, the bank would have been required to release the funds from the garnishment back to Mr. Alishayev. The process is designed to allow for court involvement and adjudication when there is a dispute about whether funds are exempt. It is not the fault of JRP, Mr. Umans or Mr. Olsen that Mr. Alishayev did not correctly follow the process.

The bank account statements that Mr. Alishayev ultimately provided late to JRP did not demonstrate that the funds in his account were exempt, and he did not provide the exemption claim form to the bank. As such, the bank transferred the funds to the Marshal's Office, who then transferred them to JRP. Thereafter, Mr. Alishayev filed a motion with the court seeking to vacate the default judgment, and also seeking to convince the court that the funds in that account were exempt. The court *rejected* his arguments, and found that Mr. Alishayev's "contention that the monies taken pursuant to the execution of this judgement (sic) were from exempt (SSDI) funds is not supported by any competent evidence." So, the court reached the same conclusion that JRP reached, and essentially found that JRP was entitled to the funds.

Mr. Alishayev then filed a complaint with the New York Attorney General's Office. Rather than continue to fight Mr. Alishayev over the debt, JRP returned the funds to him. No harm, no foul. In fact, Mr. Alishayev has benefited from this entire process by having the debt entirely wiped away without paying anything.

### **CONTEMPLATED MOTIONS**

Plaintiff anticipates filing a motion to amend his complaint to add a claim for gross negligence given the recent decision *Crespo v. Gutman, Mintz, Baker & Sonnenfeldt, LLP*, 2025 WL 871637 (S.D.N.Y. 2025). After the close of facts discovery Plaintiff anticipates filing a motion for summary judgment. Defendants also anticipate filing a motion for summary judgment.

### **PROSPECTS OF SETTLEMENT**

The parties set a mediation on September 16, 2025 through the SD NY Mediation Program. Just prior to the mediation Plaintiff and Defendant River Heights Capital, LLC entered into a confidential settlement agreement. A proposed dismissal order will be submitted as to River Heights upon the forthcoming exchange of consideration.

Plaintiff and the remaining Defendants proceeded with the mediation from 10:00 AM to 4:30 PM but were unable to reach a settlement. The parties are considering whether and when a second mediation would be productive.

Hon. Margaret M. Garnett, U.S.D.J.
Page 4

                              Respectfully submitted,

                              **GOLDBERG SEGALLA LLP**

                              */s/ Matthew S. Marrone*

                              Matthew S. Marrone