UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
                                                :
                                                :
Andrey Alishayev                                :         1:25      02075
                                                :         ____-CV-____ (MMG)
                                                :
                                                :         CIVIL CASE
                  Plaintiff(s),                 :         MANAGEMENT PLAN
           -v-                                  :         AND SCHEDULING
                                                :         ORDER
                                                :
                                                :
Judgment Recovery Partners LLC, et al           :
                                                :
                                                :
                  Defendant(s).                 :
------------------------------------------------X

This Civil Case Management Plan ("CMP") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. **Referral to Magistrate Judge**

    a. All parties [consent ☐ / do not consent ✔] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. Parties shall file a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf) within three days of submitting this proposed CMP and Scheduling Order.*]

2. **Key Discovery Deadlines**

    a. **All fact discovery shall be completed no later than** March 30, 2026 . [*Generally, a date not more than 120 days following the Initial Pretrial Conference (or 90 days for IDEA fee-shifting cases), unless the Court finds that the case presents unique complexities or other unusual circumstances. If a date more than 120 days following the Initial Pretrial Conference is proposed, an explanation for the extended discovery period must be provided.*]

    b. **All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than** May 15, 2026 . [*Absent exceptional circumstances, a date not more than 45 days from the date in Paragraph 3 (i.e., the post-fact discovery conference).*]

3. **Summary Judgment Conference**

    a. A conference regarding either submitted summary judgment letters or a joint status letter, as described further below in Paragraph 9, will be held on Wednesday, April 29, 2026 at 9:30 a.m. Courtroom 906 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. [*Date to be supplied by the Court, typically 25-30 days after the close of fact discovery (Paragraph 2(a)).*]

**The dates set forth above may not be extended absent application to and approval by the Court.** Interim deadlines, as set forth in the subsequent pages below, may be extended by written agreement of the parties without application to the Court.

4. **Conference of the Parties**

   a. The parties [have ✔ / have not ☐ ] conferred pursuant to Fed. R. Civ. P. 26(f).

5. **Settlement/Alternative Dispute Resolution**

   a. Settlement discussions [have ✔ / have not ☐ ] taken place.

   b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following information within 30 days: Production of audio recordings and emails in their native format
   (e.g. forwarding emails as attachments so that metadata is retained)

   c. Counsel for all parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (*check all that apply*):

   ☐ Immediate referral to the District's Mediation Program

   ☐ Immediate referral to a Magistrate Judge for settlement conference

   ☐ Referral to the District's Mediation Program after the close of fact discovery

   ☐ Referral to a Magistrate Judge for settlement conference after the close of fact discovery

   ☐ Retention of a private mediator

   ✔ Other mechanism or date (*e.g., "after plaintiff deposition"*):
   Parties have completed mediation via SDNY Mediation Program. Settled only w/ Defendant River Heights

   d. The use of any alternative dispute resolution mechanism does <u>not</u> stay or modify any date in this Order.

6. **Amendment of Pleadings and Joining Additional Parties**

   a. Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Rules & Practices ("Individual Rules"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 45 days from the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

7. **Fact Discovery**

   a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

   b. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 21 days from the date of this Order. [*Absent exceptional circumstances, a date not more than 14 days following the Initial Pretrial Conference.*]

   c. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than N/A at this time, parties will confer.

   d. The parties are to discuss, if and as appropriate, provisions for the disclosure,

3

   discovery, or preservation of electronically stored information ("ESI"). Any agreement reached between the parties concerning ESI is to be filed within 30 days from the date of this Order.

   (i) Do the parties anticipate significant e-discovery? [Yes ☐ / No ✔]

e. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by  October 31, 2025 . [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

f. Responsive documents shall be produced by  30 days after request .

g. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by  October 31, 2025 . [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

   (i) Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by  October 31, 2025 . No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

   (ii) Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than 30 days before the close of discovery. No other interrogatories are permitted except upon prior express permission of the Court.

h. Depositions pursuant to Fed. R. Civ. P. 30 and 31 shall be completed by the date set forth in Paragraph 2(a) (*i.e.*, the close of fact discovery).

   (i) Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

   (ii) There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

   (iii) Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

i. Requests to admit shall be served no later than  February 27, 2026 .

j. The interim deadlines in Paragraphs 7(f)–7(i) may be extended by the written consent of all parties without application to the Court, provided that fact discovery is completed by the date provided in Paragraph 2(a).

k. The parties should not anticipate extensions of the deadline for fact discovery. Relatedly, the parties should not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension. If something unforeseen arises, a party may seek a limited extension of the foregoing deadlines by letter-motion filed on ECF. Any such motion must be filed before the relevant deadline and must explain why, despite the parties' due diligence, discovery could not be completed by the relevant deadline.

    l.  Any discovery disputes must be handled in accordance with the Court's Individual Rule II(A)(6). **Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.**

    m.  Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person or by videoconference to agree upon a joint plan for meeting the discovery deadlines.

8. **Settlement Discussions**

    a. All counsel must meet in person or by videoconference for at least one hour to discuss settlement within 14 days following the close of fact discovery, **except** in cases brought as putative collective actions under the Fair Labor Standards Act, in which case counsel must meet to discuss settlement within 14 days following the close of the opt-in period.

9. **Motions and Post-Fact Discovery Conference**

    a. All motions and applications shall be governed by the Court's Individual Rules, including the requirement of a pre-motion conference before a motion for summary judgment is filed. (*See* Individual Rule II(B)(9).) Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing no later than 14 days after the date set by the Court for the close of fact discovery (in Paragraph 2(a) above), as set forth more fully in the Court's Individual Rules.

    b. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case. Notwithstanding this general prohibition, if a party wishes to move for summary judgment in a non-jury case, that party should so indicate in the letter referenced in Paragraph 9(a).

    c. If no party submits a letter requesting a pre-motion conference on summary judgment within the relevant deadline, the parties shall submit a joint status letter no later than seven days after the deadline for a summary judgment letter has passed. The joint status letter should contain:

       (i) a brief description of any outstanding motions or requests for relief;

       (ii) a brief description of the status of discovery and of any additional discovery that needs to be completed, including the parties' current assessment of the need for expert discovery and a description of the nature of such discovery;

       (iii) a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

       (iv) a list of all prior settlement discussions, including the date, the parties involved, whether any third party (*e.g.*, Magistrate Judge, mediator, etc.) was involved, and the approximate duration of such discussions, if any;

       (v) a statement of whether or how the Court could facilitate settlement of the

case (for example, through a(nother) settlement conference before the assigned Magistrate Judge or as part of the Court's Mediation Program);

(vi) a statement of the anticipated length of trial and whether the case is to be tried to a jury;

(vii) a statement of whether any party anticipates filing a motion to exclude expert testimony;

(viii) any other issue that the parties would like to address at the conference; and

(ix) any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

10. **Expert Discovery**

   a. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by March 30, 2026. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by April 24, 2026. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for expert discovery set forth above.

   b. Anticipated types of experts:
   Defendants anticipate a potential psychological evaluation of plaintiff to evaluate the claims of emotional distress. Defendants also anticipate, possibly, an expert to offer an opinion as to their collection practices. Plaintiff does not believe a psychological evaluation is within the scope of discovery for a garden variety emotional distress case, but this can be addressed in discovery.

   c. The interim deadlines in Paragraph 10(a) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date provided in Paragraph 2(b).

   d. In the event that there is expert discovery, prior to the date in Paragraph 3 (*i.e.*, the post-fact discovery conference), the parties shall meet and confer on a detailed schedule for expert disclosures, including reports (including rebuttal reports, if applicable), production of underlying documents, and depositions, provided that (1) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (2) all expert discovery shall be completed by the date set forth in Paragraph 2(b).

11. **Motions to Exclude Expert Testimony**

   a. Any motion to exclude the testimony of experts pursuant to F.R.E. 702 to 705 and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases is to be filed within 30 days of the close of expert discovery. Unless otherwise ordered by

the Court, opposition to any such motion is to be filed two weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one week after service of any opposition.

12. **Final Pretrial Submission**

    a. The Final Pretrial Submission will be scheduled by the Court for a time following the close of fact and expert, if any, discovery. By this deadline, the parties shall submit a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Fed. R. Civ. P. 26(a)(3). Unless otherwise ordered by the Court, any motions *in limine* shall be filed no later than four weeks before trial and in accordance with the Court's Individual Rules; responses shall be filed within one week after the filing of a motion *in limine* and in accordance with the Court's Individual Rules.

    b. If this action is to be tried before a jury, joint proposed *voir dire*, joint case-specific requests to charge, and a joint verdict sheet shall be filed at least two weeks prior to trial, unless otherwise ordered by the Court, following the instructions in the Court's Individual Rules. If the action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed by the Final Pretrial Submission deadline, unless otherwise ordered by the Court, and in accordance with the Court's Individual Rules.

    c. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial 30 days after the Final Pretrial Submission deadline.

13. **Trial**

    a. This case [is ✔ / is not ☐ ] to be tried to a jury.

    b. Counsel for the parties have conferred and their best estimate of the length of trial is four days.

14. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
    Parties request 180 days for fact discovery because defendants and most witnesses are out of state. The parties agree to a court-ordered litigation hold on documents relevant or potentially relevant to the claims and defenses in this case, including, without limitation, telephone recordings and emails.

This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended.

Counsel for the Parties:

| | |
|---|---|
| Ahmad Keshavarz | Matthew S. Marrone (Pro Hac Vice) |
| The Law Office of Ahmad Keshavarz | Goldberg Segalla LLP |
| 16 Court St., Suite 2600 | 711 3rd Avenue, Suite 1900 |
| Brooklyn, NY 11241 | New York, NY 10017 |

**SO ORDERED.**

Date: 10/2/2025
New York, New York

MARGARET M. GARNETT
United States District Judge