UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ANDREY ALISHAYEV,

                                                                               Case No.: 1:25-cv-2075-MMG

                          Plaintiff,

      -against-

JUDGMENT RECOVERY PARTNERS LLC,
TYLER UMANS, and
JAMES W. OLSEN

                          Defendants.

-------------------------------------------------------------------X

**Stipulation To Filed First-Amend Complaint Pursuant To Fed.R.Civ.P. 15(a)(2)**

1. Pursuant to the scheduling order entered by the Court, any motion to amend shall be filed by November 17, 2024.

2. All remaining parties in this action, Plaintiff and Defendants Judgment Recovery Partners LLC, Tyler Umans, and James W. Olsen ("Remaining Defendants"), have stipulated and consented, in writing, to Plaintiff filing a First Amended Original Complaint (a redlined version of which is attached as Exhibit A).

3. The First Amended Complaint:

   a. removes River Heights Capital, LLC from the case as Plaintiff has settled his claims with that party; and

   b. adds a claim for gross negligence against the remaining defendants based on the same nucleus of operative facts that formed the basis of the Original Complaint.

4. FRCP 15(a)(2) states "a party may amend its pleading only with the opposing party's written consent *or* the court's leave." (emphasis added). Therefore, given that all parties to the action have agree to the amendment by written consent, it appears as though leave of court is not

required. Wright & Miller, Federal Practice & Procedure: Civil § 1490 (1989) ("The pleader's right to amend is not subject to the court's discretion and the court must permit the amendment to be filed."); <u>Fern v. United States</u>, 213 F.2d 674, 677 (9th Cir.1954) ("Once the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a)."); <u>Fort Howard Paper Co. v. Standard Havens, Inc</u>., 901 F.2d 1373, 1379 (7th Cir.1990) (pleader's right to amend after consent of an adverse party is not subject to the discretion of the court); and <u>Bilmar Drilling, Inc. v. IFG Leasing Co</u>., 795 F.2d 1194, 1199 (5th Cir.1986). Wright & Miller, Federal Practice & Procedure: Civil § 1490 (1989) ("The pleader's right to amend is not subject to the court's discretion and the court must permit the amendment to be filed."); <u>Fern v. United States</u>, 213 F.2d 674, 677 (9th Cir.1954) ("Once the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a)."); <u>Fort Howard Paper Co. v. Standard Havens, Inc</u>., 901 F.2d 1373, 1379 (7th Cir.1990) (pleader's right to amend after consent of an adverse party is not subject to the discretion of the court); and <u>Bilmar Drilling, Inc. v. IFG Leasing Co</u>., 795 F.2d 1194, 1199 (5th Cir.1986).

5. By consenting to the amendment, Remaining Defendants are not stipulating to the correctness or factual accuracy of the additional allegations made in the amended complaint.

Dated: Brooklyn, New York
November 17, 2025

_____/s/_____                    _____/s/_____
Matthew S. Marrone, Esquire                              Ahmad Keshavarz
711 Third Avenue, Suite 1900                             The Law Office of Ahmad Keshavarz
New York, NY 10017                                       16 Court St., 26th Floor
*Attorneys for Defendants*                               Brooklyn, NY 11241-1026
*Judgment Recovery Partners,*                            Attorney for Plaintiff Andrey Alishayev
*LLC, Tyler Umans and James W. Olsen*