# AHMAD KESHAVARZ
*Attorney at Law*

---

| 16 COURT ST., 26TH FLOOR<br>BROOKLYN, NY 11241-1026 | WWW.NEWYORKCONSUMERATTORNEY.COM<br>E-mail: ahmad@NewYorkConsumerAttorney.com | Telephone: (718) 522-7900<br>Fax: (877) 496-7809 |

January 5, 2026

**VIA ECF**
Hon. Margaret M. Garnett
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 906
New York, NY 10007

    Re:    Local Rule 37.2 Letter for Pre-Motion Conference to compel discovery pursuant to Your Honor's October 2, 2025 Scheduling Order [DE 33] and for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)
           *Alishayev v. Judgment Recovery Partners LLC et al.*, No. 1:25-cv-2075-MMG

Dear Judge Garnett:

    On March 12, 2025, Plaintiff Andrey Alishayev filed this action against Defendants Judgment Recovery Partners LLC ("JRP"), a California judgment recovery company; Tyler Umans, a principal at JRP; James W. Olsen, a Colorado attorney licensed in New York; and River Heights Capital, LLC, the putative assignee of a default judgment, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and for conversion related to the unlawfully restraining, seizing, and retaining Mr. Alishayev's exempt Social Security Disability Income. [DE 1]. The case was referred to mediation, and an initial mediation on September 16, 2025 produced a settlement between Plaintiff and River Heights, pursuant to which River Heights was dismissed from this action with prejudice on September 30, 2025. [DE 32]. Plaintiff and the remaining Defendants were unable to reach a settlement at this initial mediation, but were able to quickly and amicably draft a proposed discovery plan and scheduling order, which was filed with the court on September 25, 2025 [DE 31]. Judge Margaret Garnett entered the parties' proposed scheduling order with modifications on October 2, 2025. [DE 33].

    Pursuant to this Court's October 2, 2025 Scheduling Order, the Defendants were to produce certain materials in discovery (namely audio recordings of conversations with the Plaintiff and emails in their native format, with attachments) within 30 days of October 2, 2025. [DE 33]. On October 30, 2025, Plaintiff provided his Initial Disclosures, and Defendants provided their Initial Disclosures, but not the court-ordered electronic discovery materials including audio recordings and native-format emails with attachments, on November 3, 2025. November 3, 2025 was the date on which Defendants' production of the audio recordings and emails was due.

    Separately, on October 15, 2025, Plaintiff noticed the depositions of two of the Defendants and a third witness, Charles Brown, employed by the Defendants at the time of the actions and circumstances giving rise to this complaint. Plaintiff noticed these depositions for dates in the week of November 17, 2025. *See* **Exhibit A**, Plaintiff's First Notice of Depositions. Defendants and their counsel never responded to the deposition notices, and Plaintiff ultimately canceled these properly noticed depositions because it was impossible for his counsel to confirm that the deponents would be in attendance. After conferring over the course of November about

Defendants' missing[1] their amply noticed depositions that month, as well as about the matter of the scheduling order's mandated electronic discovery, the undersigned continued into December to confer with opposing counsel further about the matter of the court-ordered electronic discovery, as well as about the issue of depositions, providing a Second Notice of Depositions to offer more dates in light of Defendants' cancellation of the first set of noticed depositions. Plaintiff's conferences and attempts to confer with Defendants are detailed in the Certificate of Conference below.

No substantive explanation has been offered by Defendants since November, or indeed since the entry of the October 2, 2025 Scheduling Order, for the failure of Defendants to comply with the Court's order for the production of audio recordings and native-format emails. Indeed, on December 16 at 3:11 PM counsel for Defendants appeared to refuse to produce the emails in any format, stating that "I assume your client has" emails referenced in his complaint. *See* **Exhibit E**, p. 3) (emails conferring regarding discovery). As Defendants have now been in violation of an order of this Court for over two months, Plaintiff now moves for an order mandating the following relief within seven days of the Court's order:

1. To compel the production of the electronic discovery materials ordered to be produced pursuant to the Court's Scheduling Order, as well as the identity of the vendor Defendants use for audio recordings;
2. To compel the depositions of Defendant Tyler Umans and Defendant James W. Olsen at the dates provided in Plaintiff's Second Notice of Depositions, attached as **Exhibit B**, or alternatively at dates and times to be agreed by the parties;
3. To compel the production of fully responsive documents and information in response to Plaintiff's Initial Discovery Requests, attached as **Exhibit C**;
4. To provide identifying information and last known contact information for the former JRP employee known pseudonymously as Charles Brown, who was not identified in Defendants' Initial Disclosures, attached as **Exhibit D**; and
5. For sanctions as the court sees fit against all remaining Defendants in this action pursuant to Fed. R. Civ. P. 37(b)(2), which states that "[i]f a party […] fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." *See Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d. Cir 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order.")

To be clear, Plaintiff requests sanctions only for the failure to comply with the court's order for the production of electronic discovery, but reserves the right to seek further relief if Defendants continue to obstruct discovery. Attached as Exhibit E are emails between counsels for the parties regarding discovery deficiencies.

Plaintiff and his counsel also wish to note that counsel for Defendants have been cordial, professional, and communicative throughout the above-described interactions, and it appears

---

[1] According to Defendants' counsel, Defendant Tyler Umans made an unannounced trip to Mexico for his wedding and honeymoon, beginning in October and continuing through the month of November. Defendants' counsel represents that as of late December, Mr. Umans has returned to the United States. It is also unclear how the absence of Mr. Umans has prevented and seemingly continues to prevent the other Defendants in this action from responding to their court-ordered discovery obligations.

counsel for Defendants have been diligently attempting to both bring their clients into compliance with this Court's prior order and cooperate with discovery more generally.

The undersigned thanks the Court for its consideration.

Sincerely,
/s/
Ahmad Keshavarz

## CERTIFICATE OF CONFERENCE

I attempted to resolve these matters without court involvement, but those efforts have been unsuccessful. I conferred with opposing counsels both in writing and via telephone. As to conferring via email, *see* Exhibit E.

I conferred by phone with counsel for Defendants, Matthew Marrone, about the issues with Defendants' discovery responses on November 14, by phone, beginning at 9:23 AM and lasting 14 minutes, and again on November 26, by phone, beginning at 2:57 PM and lasting 16 minutes. I also attempted to confer with Mr. Marrone numerous times before and following these two conferences, including on December 3, by email and by phone; on December 5, by email and by voicemail; on December 12, by email; and on December 15, again by email. On December 16, I conferred one more time with Mr. Marrone by phone, at which time I informed Mr. Marrone via email of my intent to seek relief from this Court, explained my reasoning at length, and asked Defendants' counsel to return my calls to confer regarding the matters of the court-ordered electronic discovery and the depositions of the Defendants. Counsel for Defendants replied with what appear to be limited screenshots of some account notes, an assertion that Plaintiff is already in possession of all relevant emails, an update that Mr. Brown no longer works for JRP and has not been in contact with JRP or Mr. Umans for months, and an explanation that Mr. Umans was "still communicating with JRP's phone service provider" about the issue of the recordings and "inferring that the delay on this issue is coming from the phone service provider." In a final December 22, 2025 phone conference between myself and Mr. Marrone, beginning at 12:49 PM and lasting for 14 minutes, Mr. Marrone represented that Defendant Umans is still attempting to obtain audio recordings to the extent they exist, confirmed he would once again follow up with his client regarding discovery, and acknowledged Plaintiff's expressed view that the parties appear to be at an impasse on the matter of the discovery ordered by the Court's October 2 Scheduling Order. I indicated my intent to seek relief from the Court during this December 22, 2025 conference. Mr. Marrone also revealed on this call that Defendant Umans recently informed his counsel that Charles Brown, a crucial fact witness as the JRP employee who spoke to Mr. Alishayev, was actually a pseudonym used by the JRP employee who spoke to Mr. Alishayev, and Defendants' counsel was unaware of the true identity of the individual known to Mr. Alishayev only as Charles Brown throughout his interactions with JRP.

Dated:  Brooklyn, New York
        January 5, 2026
        /s/
        Ahmad Keshavarz

3