UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANDREY ALISHAYEV,                                   Case No. 1:25-cv-02075 (MMG) (RWL)

                Plaintiff,

  -against-

JUDGMENT RECOVERY PARTNERS LLC,
TYLER UMANS,
JAMES W. OLSEN, and
RIVER HEIGHTS CAPITAL, LLC,

                Defendants.
------------------------------------------------------------x

## PLAINTIFF'S FIRST SET OF DISCOVERY DEMANDS TO DEFENDANTS

Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

Respectfully submitted,
/s/

Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
16 Court St., 26th Fl.
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax: (877) 496-7809 (toll-free)
Email: ahmad@NewYorkConsumerAttorney.com

## CERTIFICATE OF SERVICE

I, Ahmad Keshavarz, one of the attorneys for the Plaintiff, hereby certify that on this day I served the above referenced document to the parties listed below via email to:

    Defendants Judgment Recovery Partners LLC, Tyler Umans, and James W. Olsen
    By and through their attorneys of record
    Joseph Oliva
    Matthew S. Marrone
    Goldberg Segalla
    joliva@goldbergsegalla.com
    mmarrone@goldbergsegalla.com

1

Date: <u>October 15, 2025</u>
      Brooklyn, NY

/s/
Ahmad Keshavarz
Plaintiff's Attorney

# DEFINITIONS

Please refer to SDNY Local Rule 26.3 Uniform Definitions in Discovery Requests for the terms used in these discovery demands. Those definitions control in the event of any conflict with the following additional definitions.

When a document production demand asks for "**documents sufficient to demonstrate…**" you may use an affidavit to answer the question if you wish.

1. These demands are governed by Local Rule 26.3 Uniform Definitions in Discovery Requests, unless otherwise indicated. This includes, without limitation:

    a. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

    b. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

    c. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

    d. Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

    e. **Person**. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

    f. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2. Plaintiff adds to the definition of local rule definition of Identify (with respect to persons) to include the persons telephone numbers and email address, if any.

3. The term "Insurance" means *any* type of insurance *except* health insurance, auto insurance, or workers compensation insurance. Without limitation, Insurance does include any FDCPA, malpractice, errors and omissions, umbrella policy, or general liability policy. The term includes the full terms of the policy as well as the declaration sheet.

4. "**Plaintiff**" means the Plaintiff in this federal lawsuit, Andrey Alishayev.

5. "**Defendants**" means the remaining defendants in this federal lawsuit: Judgment Recovery Partners LLC, Tyler Umans, and James W. Olsen.

3

6. "**Debt Buyer Clients**" means River Heights Capital, LLC, their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.

7. "**Original Judgment Creditor**" means the original creditor whose interest in the judgment was ultimately assigned to River Heights Capital, LLC.

8. "**You**" or "**Your**" means "Defendants", their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.

9. "**Possession, custody, or contro**l" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.[1]

10. The term "**Putative Debt**" means the putative debt alleged in the state court case captioned *Harvest Credit Management VII, LLC,* CV-013274-11/QU in Queens County Civil Court.

11. The term "the **Lawsuit**" means the state court case captioned *Harvest Credit Management VII, LLC,* CV-013274-11/QU in Queens County Civil Court.

12. The term "the **Execution**" means the document attached as Exhibit H to the Complaint in this action.

13. When a document production demand asks for "documents sufficient to demonstrate…," you may use an affidavit to respond to the demand if you wish.

14. These requests are continuing in nature. If any responsive documents come into your possession, custody or control after the service of your responses hereto, said additional documents shall be delivered to the undersigned expeditiously thereafter.

15. If a requested document no longer exists, state the reasons for the document's unavailability or nonexistence. If the requested document is no longer in your possession, identify the location of the document and from whom the document could be obtained.

16. Produce all documents in their original files as they are kept in the usual course of business. If any document produced has been removed from its original location, indicate such on the document produced, or produce a separate index noting the location in which the document was found.

17. Unless otherwise requested in a specific demand, **the Relevant Time Period for the requests is January 1, 2021 to the present**.

18. PLEASE NOTE: If the documents sought exist in an electronic form (e.g., a database of dates

---

[1] Please note that "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'" *MTB Bank v. Federal Armored Express*, 93 Civ. 5594 (LBS), 1998 WL 43125 at * 4 (S.D.N.Y. Feb. 2, 1998) ("Under Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'"). *See also Polanco v. NCO Portfolio Management, Inc.*, 2013 WL 3733391 at * 2 (S.D.N.Y. July 15, 2013) ("To the extent that [the debt collection law firm] Harris, by virtue of its representation of Defendant [NCO in the state court collection lawsuit], is holding documents that are relevant, responsive to Plaintiff's document requests to Defendant [in this FDCPA action], and not subject to a claim of privilege or work product, Defendant shall, no later than three weeks from the date of this Order, produce those documents to Plaintiff, as such documents are within Defendant's "control" for purposes of the discovery rules.").

and locations of putative service of process) please produce those documents in its native electronic format. Please produce a privilege log if you are asserting any attorney-client privilege, attorney work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b).

### FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the all of the following documents in your possession, custody, or control:

1. The documents you had regarding Plaintiff or the Putative Debt when you filed the Lawsuit.

2. All documents regarding Plaintiff, the Putative Debt or the Lawsuit.

3. All documents reflecting the operation of any collection software used in connection with the Lawsuit.

4. All documents reflecting your policies and procedures in connection with the verification of debts.

5. All documents reflecting your policies and procedures in connection with the assignment and tracking of judgments.

6. All documents reflecting your license and legal authority to collect judgments in the state of New York.

7. All communications between the Defendants, the Debt Buyer Clients, and any other persons regarding the Plaintiff, the Putative Debt, or the Lawsuit.

8. All communications between the Defendants, the Debt Buyer Clients, and any other persons regarding the Plaintiff's submitted Exemption Claim Form.

9. All communications between the Defendants, Debt Buyer Clients, and any other persons regarding the restraint and seizure of Plaintiff's funds.

10. All contracts governing the putative debt or the collection thereof, including documents referenced or incorporated by reference into those contracts. This includes contracts among the existing and original defendants in this action, the original creditor, and the original judgment creditor. This includes contracts for the purchase, sale, assignment of ownership of the putative debt, or assignment the write to collect on the judgment, including between River Heights Capital, LLC and Judgment Recovery Partners LLC.
11. All emails in their native format related to the claims and defenses in this case, including attachments.
12. All audio recordings, including telephone calls, relating to this case, including any recordings of telephone calls with or about the Plaintiff.
13. Documents reflecting notices of assignment from the Original Judgment Creditor through to River Heights, including proof the notice of assignment was actually sent to or received by Alishayev.

14. Employment application for anyone involved in connection with the collection of the debt against Alishayev, including Charles Brown.
15. Documents reflecting communications among the original defendants in this action, Marshal Moses, Alishayev, the civil court, the Bank, or anyone else, including the office of the New York State Attorney General, regarding Alishayev, the River Heights judgment, or collection of the same.
16. Documents reflecting training and supervision of your employees or agents in relation to debt collection, including as to the collection of the River Heights Judgment.
17. The documents used to generate the Execution, including but not limited to templates and screenshots of the program, if any, that generates the Execution.
18. If your document production uses abbreviations, codes, or identifies persons only by first name or initials, please produce document sufficient to demonstrate the meaning of each abbreviation or code, and "identify" each such person.

## FIRST INTERROGATORIES

1. "Identify" all persons who have knowledge of relevant facts, identify the issues upon which you believe they have knowledge.

2. "Identify" the name and address of every witness you expect to call at the trial of this case.

3. "Identify" all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

4. "Identify" the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements.

5. Identify the name and address of every witness you expect to call at the trial of this case, and summarize the testimony you expect each such witness to give. Identify persons having knowledge of relevant facts, and give a statement of each identified person's connection with the case and what relevant facts you contend they have.

6. Why did you seek to collect on a judgment that was never assigned to you?

7. Why did you tell Marshal Moses to turn over the restrained funds after Marshal Moses informed you of Plaintiff's exempt funds?

8. Why did you refuse for months to return Plaintiff's funds after being provided with notice and proof of exempt funds?

**FIRST REQUESTS FOR ADMISSION**

Admit or deny the following:

1. You are a debt collector as defined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

2. The putative debt you sought to collect in the Lawsuit was an alleged obligation incurred primarily for family, personal, or household purposes.

3. You regularly pursue actions in the courts of the state of New York to collect alleged debts incurred primarily for family, personal, or household purposes.

4. You do not have a physical office in the state of New York.

5. The location which you hold out as your New York office is a mail forwarding service.

6. You use the mails in connection with Your business.

7. You do not become the judgment assignee when you collect judgments.

8. You contract to provide judgment collection services.

9. You engage in the practice of law in the state of New York.

10. The Execution was digitally rather than physically signed.

11. The Execution was not reviewed by James Olsen prior to the insertion of his digital signature.

12. The Execution was mailed to Marshal Moses by Judgment Recovery Partners LLC, on or before March 12, 2024.

13. On April 4, 2024, Plaintiff emailed Charles Brown copies of bank statements demonstrating the restrained funds were exempt Social Security, and requested the immediate release of the funds.

14. On April 6, 2024, Plaintiff faxed Judgment Recovery Partners LLC copies of an executed Exemption Claim Form, a Social Security benefit letter, and copies of bank statements showing the restrained funds were exempt Social Security.

15. On April 8, 2024, Marshal Moses, who received an identical April 6 fax, emailed these same documents to Judgment Recovery Partners LLC.

16. On April 12, 2024, Plaintiff called Judgment Recovery Partners LLC and spoke with Charles Brown about the release of his funds.

17. During this April 12, 2024 call, Mr. Brown stated that Plaintiff still needed to provide bank statements showing the funds were exempt.

18. Though he had already provided bank statements, Plaintiff sent a further series of emails on April 12, 2024, with bank statements showing the funds were exempt and all deposits were from the Social Security Administration.

19. Charles Brown responded to these emails on April 15, 2024, by stating Plaintiff's concerns and documentation had been "forwarded to upper management."

20. On April 16, 2024, Plaintiff again called Judgment Recovery Partners LLC and spoke with Charles Brown about the release of his funds.

21. During this April 16, 2024 call, Mr. Brown stated that Plaintiff needed to "hire a forensic accountant" to prove the exempt status of the funds, and that until Plaintiff did so, Judgment Recovery Partners LLC would not be releasing the funds.

22. Marshal Moses's office emailed Tyler Umans on May 1, 2024 to inquire, in light of the office's receipt of the levied funds and the consumer's claimed exemption evidenced by the submitted Exemption Claim Form, whether the funds should be returned to the consumer.

23. Tyler Umans responded to this email with an email on the same day reading "Please remit funds to our office on this case."

24. You caused a Satisfaction of Judgment to be filed on May 2, 2024, in the Lawsuit after instructing Marshal Moses's office to remit funds to your office.

25. You were notified on June 3, 2024 by Marshal Moses's office that Plaintiff had filed an Order to Show Cause in the Lawsuit regarding the restraint and levy of his funds.

26. You received a letter from the office of the New York State Attorney General on August 20, 2024 regarding Plaintiff's case.

27. You received a letter from the office of the New York State Attorney General on September 3, 2024 regarding Plaintiff's case.

28. You responded to the office of the New York State Attorney General on October 11, 2024, by promising to return the funds.

29. You returned the funds on or about October 24, 2024.