

Matthew S. Marrone | Partner
Direct 267.519.6851 | mmarrone@goldbergsegalla.com

January 15, 2026

**VIA ECF**
Hon. Margaret M. Garnett, U.S.D.J.
United States District Court, S.D.N.Y.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 906
New York, NY 10007

      **Re:**    **Alishayev v. Judgment Recovery Partners LLC et al**
              **Case No.: 1:25-cv-2075-MMG**
              **Our File No. 7854.0142**

Dear Judge Garnett:

      We represent Defendants Judgment Recovery Partners, LLC, Tyler Umans, and James W. Olsen in this action. We submit this letter in advance of today's conference at 11:00 am, and to briefly respond to Mr. Keshavarz's January 5, 2026 letter.

      We have provided account notes, telephone call recordings, and emails to Mr. Keshavarz. The reasons for the delay in providing these items were two-fold:

1. Mr. Umans got married in the fall, and was out of the country for an extended period of time for both his wedding and honeymoon. We previously explained this to Mr. Keshavarz, who did not mention this in his letter.

2. Mr. Umans was required to communicate at length with their telephone service provider in order to retrieve the telephone call recordings, which have now been provided.

      We dispute any assertion or implication that Defendants have been deliberately non-responsive or obstructive in discovery. In fact, we note for the Court that Plaintiff himself has still not responded to Defendants' written discovery requests, which are attached hereto for the Court's convenience.

      We look forward to further discussing this matter with Court today.

**Please send mail to our scanning center at:**

**OFFICE LOCATION** 711 3rd Avenue, Suite 1900, New York, NY 10017-4013 | **PHONE** 646-292-8700 | **FAX** 267-519-6801 | **www.goldbergsegalla.com**

CALIFORNIA | CONNECTICUT | DELAWARE | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA

Hon. Margaret M. Garnett, U.S.D.J.
January 15, 2026
Page 2

                      Respectfully submitted,

                      **GOLDBERG SEGALLA LLP**

                      Matthew S. Marrone

Enclosures

UNITED STATES DISTRICT COURT
SOUTER DISTRICT OF NEW YORK

| | |
|---|---|
| **ANDREY ALISHAYEV,** | CIVIL ACTION |
| Plaintiff, | No. 1:25-cv-02075-MMG-RWL |
| vs. | |
| **JUDGMENT RECOVERY PARTNERS LLC, TYLER UMANS, JAMES W. OLSEN, AND RIVER HEIGHTS CAPITAL, LLC,** | |
| Defendants. | |

### INTERROGATORIES OF DEFENDANTS JUDGMENT RECOVERY PARTNERS, LLC, TYLER UMANS, AND JAMES W. OLSEN DIRECTED TO PLAINTIFF

Defendants, Judgment Recovery Partners, LLC (hereinafter "JRP"), Tyler Umans, and James W. Olsen, by and through their undersigned counsel, hereby request, that Plaintiff, provide answers to the following interrogatories, pursuant to and in accordance with the Federal Rules of Civil Procedure 33(b).

Furthermore, you are under a duty to supplement your responses to any interrogatory as required by Rule 26 of the Federal Rules of Civil Procedure. Such supplemental responses are to be filed and/or served upon the defendant within fifteen (15) days after receipt of such information.

You are also under a duty to amend a prior response if you obtain information causing you to realize that the response was incorrect when made, or that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend a response is, in substance, a knowing concealment.

## DEFINITIONS & INSTRUCTIONS

1.  "You," "your," or "Plaintiff" means Andrey Alishayev as well as agents, servants, employees, attorneys, investigators, affiliates, and all other persons who have acted or purported to act on Plaintiff's behalf.

2.  "Document(s)" is all inclusive and refers to any written, recorded and/or graphic matter, however produced or reproduced. The term "document(s)" means the original and any copy differing from the original of any printed, written, typed, recorded, graphic, photographic, computerized printout, computer program, computer data base, electronic mail or any other form of electronic communication or other tangible matter from whatever source; whether produced or reproduced or stored on paper, cards, tapes, discs, belts, films, computer storage devices, or any other material or device; whether in draft or otherwise; whether sent or received or neither; including, but not limited to, the original or a true copy (if the original is not available) and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise); and includes, without limitation, all writings, correspondence, letters, calendars, diaries, journals, notebooks, analysis, drawings, pictures, tables, graphs, pleadings, questionnaires, bills, logs, proposals, recordings, telegrams, films, video tapes, files, logs, time logs or other indications of work done or time spent, telephone message slips, drafts, charts, data sheets, statistics, telegrams, teletypes, telefaxes, telecopies, facsimile transmissions, cables, contracts, agreements, policies, studies, transcripts, summaries, newspaper or magazine materials, pamphlets, books, ledgers, registers, reports, financial statements, prospectuses, minutes, agendas, invoices, purchase orders, order confirmations, statements, checks, receipts, returns, estimates, projections, memoranda, notes, interoffice and intra-office communications, offers, notations of any sort of conversations, bulletins, pictures, photographs, films, computer printouts, work papers,

work sheets and all drafts, alterations, modifications, and changes and amendments of any kind and all other documents, tangible or retrievable, of any kind.

    3.    "Identify" or "identity," when used with regard to a person, partnership, corporation or business entity, means to give the full name, present or last known address, telephone number, and, if a person, his/her present or last known employer, the address of the employer and the position and job title of the person.

    4.    "Identify" or "identity," when used with regard to a document, means to give its form (written, typed, printed, computer print out, or other form), type (letter, memorandum, telegram, chart, report, or other type), date, author, addressee, file and/or identifying number and the full name and address of its custodian or, if the document no longer exists, the date on which and the reason for which it was destroyed.

    5.    "Communications" and "Statements" mean any form of communication, whether written or oral, including but not limited to discussions at meetings, telephone conversations, correspondence in any form, notes, e-mail or any form of electronic communication, letters, reports, or other forms of data transfer, including but not limited to the transmittal of information in the form of facts, ideas, inquiries and/or otherwise.

    6.    "Defendant" means the defendant serving the within demands for documents and all other persons acting on their behalf.

    7.    "Person" means any natural person, corporation, partnership, sole proprietorship, trade union, unincorporated association or other organization.

    8.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

9. "Relating to," "related to" and "related" all mean constituting, comprising, describing, explaining, summarizing, being logically connected to, being causally connected to, being chronologically connected to, mentioning or in any way concerning, directly or indirectly.

10. The words "refer" or "relate" and any derivative thereof are defined to include the common meaning of those terms, and shall include indirect as well as direct references to, descriptions of, discussions of, or commentary on the subject matter of the request.

11. If you claim a privilege as a reason for withholding any information or documents from production, state for each document:

   a. the author;
   b. the addressee or recipient of the documents or any copy thereof;
   c. the date which the document bears, or, if it bears no date, the date on which it was created;
   d. the title or subject matter of the document, the number of pages in the document and a general description of its contents and of any attachments or enclosures to it;
   e. the nature of the document (e.g. memorandum, telegram, chart, etc.);
   f. persons to whom copies were furnished, together with their employer and job titles; and
   g. the reason(s) for the privilege.

12. If you refuse to answer an interrogatory on the grounds of burdensomeness, identify the number and nature of the documents needed to be searched, the location of the documents, and the approximate number of person hours and cost required to conduct the search.

13. You are directed to organize and label the documents produced in a manner sufficient to identify the specific request to which each document is responsive and the person who had physical custody of each document.

14. In making documents available, each document to be produced should include all attachments and all enclosures referred to in the document or which were originally attached to or enclosed with the document requested or to be produced.

15. The singular shall be construed to include the plural and the plural to include the singular. The words "and" and "or" shall be construed both disjunctively and conjunctively. If you are of the opinion that any interrogatory is subject to more than one interpretation, the appropriate interpretation is the one that makes the interrogatory more inclusive.

16. The word "or" and the word "and" are both intended to mean and/or. They should be read inclusively to mean and/or.

17. The terms "all" and "each" shall be construed as all and each.

18. The use of the singular form of any word includes the plural and vice versa.

## INTERROGATORIES

1. Identify the full name, address and title of all person(s) persons who participated in preparing the answers to these Interrogatories.

**RESPONSE:**



2. Identify all persons having knowledge of facts relevant to the subject matter of this action and describe in detail the extent and nature of their knowledge.

**RESPONSE:**



3. Identify each oral and written communication you, your employees, or your agents have had with any individual, other than your attorneys, regarding the subject matter of your

complaint in this action, identifying the parties as required by the Definitions to these Interrogatories.

**RESPONSE:**

4. State the name and address of your last place of employment and the dates of employment there.

**RESPONSE:**

5. Identify all bank accounts, by banks and account numbers, you have maintained within the last five (5) years.

**RESPONSE:**

6. State all information that you know about the debt and proceedings that led to the judgment against you on June 13, 2011.

**RESPONSE:**

**7.** Describe the nature of your disability, including the date and circumstances under which you became disabled.

**RESPONSE:**

8. Identify all sources of income for the last five (5) years.

**RESPONSE:**

9. From January 2023 to the present, identify your average monthly expenses by types and amounts.

**RESPONSE:**

10. Identify by names and addresses all of your primary care physicians for the last five (5) years.

**RESPONSE:**

11. Identify by names and addresses all places at which you have sought any medical or psychological/psychiatric treatment within the last five (5) years.

**RESPONSE:**

12. Identify every person that Plaintiff intends to call as an expert witness at the trial of this lawsuit, and for each person so identified, please state completely and in detail:

   a. the subject matter on which each expert is expected to testify;

   b. each expert's qualifications in each subject area on which he or she is expected to testify, including but not limited to his or her educational and training background and any employment or other experience that relates to the subject matter of the expected testimony;

   c. the substance of the facts and opinions to which the expert is expected to testify; and

   d. the grounds for each opinion, including but not limited to an identification and description of each document that the expert used or relied on in forming each opinion.

**RESPONSE:**




13. Please identify all persons whom you intend to call as witnesses at the trial of this action and, for each such person, state the source, nature and/or anticipated substance of the testimony he or she is expected to provide.

**RESPONSE:**

14. Please identify each document you intend to use or contemplate using as evidence in support of any claim asserted in your complaint or to rebut any defense asserted by defendant, and for each document provide a brief description of what you believe the document tends to prove.

**RESPONSE:**

15. Do you claim that any party made any admissions as to the subject matter of this lawsuit? If yes, state the date made, the name and address of the person by whom made, the name and address of the person to whom made, the name and address of each person present at the time the admission was made, the nature and substance of the admission and, if in writing, attach a copy of the admission.

**RESPONSE:**

16. Do you claim that any party made any declarations against interest as to the subject matter of this lawsuit? If yes, state the date made, the name and address of the person by whom made, the name and address of the person to whom made, the name and address of each person present at the time the declaration was made, the nature and substance of the declaration and, if in writing, attach a copy of the declaration.

**RESPONSE:**

17.     To the extent that you claim damages from any Defendant, set forth in detail the factual basis upon which your claim is based and fully itemize the nature and monetary value of your damages. Also attach any and all supporting documentation.

**RESPONSE:**

18.     If you obtained a statement from any person who is not a party to this action that relates in any way to the subject matter of this litigation, state:

    a. The full name and address of the person making each such statement;

    b. The exact date of each such statement;

    c. The substance of each such statement;

    d. If the statement was oral, provide a detailed summary of the same;

    e. The name(s) and address(es) of the person(s) making each such statement;

    f. The name(s) and address(es) of the person(s) present when each such statement was made; and

    g. If any such statement was in writing, attach a true copy thereof hereto.

**RESPONSE:**

                                        **GOLDBERG SEGALLA LLP**

Date: November 3, 2025                         */s/ Matthew S. Marrone*
                                                      Matthew S. Marrone, Esquire
                                                        711 Third Avenue, Suite 1900
                                                        New York, NY  10017
                                                        *Attorneys for Defendants*
                                                         *Judgment Recovery Partners, LLC,*
                                                         *Tyler Umans and James W. Olsen*

UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK

| | |
|---|---|
| **ANDREY ALISHAYEV,**<br><br>        **Plaintiff,**<br><br>   vs.<br><br>**JUDGMENT RECOVERY PARTNERS LLC, TYLER UMANS, JAMES W. OLSEN, AND RIVER HEIGHTS CAPITAL, LLC,**<br><br>        **Defendants.** | **CIVIL ACTION**<br>**No. 1:25-cv-02075-MMG-RWL** |

### REQUESTS FOR PRODUCTION OF DEFENDANTS JUDGMENT RECOVERY PARTNERS, LLC, TYLER UMANS, AND JAMES W. OLSEN DIRECTED TO PLAINTIFF

**PLEASE TAKE NOTICE** that Defendants, by and through their undersigned counsel of Goldberg Segalla LLP, hereby request, that Plaintiff fully respond in writing and produce documents for inspection, in accordance with the applicable Federal Rules of Civil Procedure and the following definitions and instructions.

### DEFINITIONS & INSTRUCTIONS

1. "You," "your," or "Plaintiff" means Andrey Alishayev, as well as agents, servants, employees, brokers, underwriters, attorneys, investigators, affiliates, parent corporations, holding companies, subsidiaries and all other persons who have acted or purported to act on Plaintiff's behalf.

2. "Document(s)" is all inclusive and refers to any written, recorded and/or graphic matter, however produced or reproduced. The term "document(s)" means the original and any

copy differing from the original of any printed, written, typed, recorded, graphic, photographic, computerized printout, computer program, computer data base, electronic mail or any other form of electronic communication or other tangible matter from whatever source; whether produced or reproduced or stored on paper, cards, tapes, discs, belts, films, computer storage devices, or any other material or device; whether in draft or otherwise; whether sent or received or neither; including, but not limited to, the original or a true copy (if the original is not available) and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise); and includes, without limitation, all writings, correspondence, letters, calendars, diaries, journals, notebooks, analysis, drawings, pictures, tables, graphs, pleadings, questionnaires, bills, logs, proposals, recordings, telegrams, films, video tapes, files, logs, time logs or other indications of work done or time spent, telephone message slips, drafts, charts, data sheets, statistics, telegrams, teletypes, telefaxes, telecopies, facsimile transmissions, cables, contracts, agreements, policies, studies, transcripts, summaries, newspaper or magazine materials, pamphlets, books, ledgers, registers, reports, financial statements, prospectuses, minutes, agendas, invoices, purchase orders, order confirmations, statements, checks, receipts, returns, estimates, projections, memoranda, notes, interoffice and intra-office communications, offers, notations of any sort of conversations, bulletins, pictures, photographs, films, computer printouts, work papers, work sheets and all drafts, alterations, modifications, and changes and amendments of any kind and all other documents, tangible or retrievable, of any kind.

3.     "Identify" or "identity," when used with regard to a person, partnership, corporation or business entity, means to give the full name, present or last known address, telephone number, and, if a person, his/her present or last known employer, the address of the employer and the position and job title of the person.

4. "Identify" or "identity," when used with regard to a document, means to give its form (written, typed, printed, computer printout, or other form), type (letter, memorandum, telegram, chart, report, or other type), date, author, addressee, file and/or identifying number and the full name and address of its custodian or, if the document no longer exists, the date on which and the reason for which it was destroyed.

5. "Communications" and "Statements" mean any form of communication, whether written or oral, including but not limited to discussions at meetings, telephone conversations, correspondence in any form, notes, e-mail or any form of electronic communication, letters, reports, or other forms of data transfer, including but not limited to the transmittal of information in the form of facts, ideas, inquiries and/or otherwise.

6. "Defendant" means the defendant serving the within demands for documents and all other persons acting on their behalf.

7. "Person" means any natural person, corporation, partnership, sole proprietorship, trade union, unincorporated association or other organization.

8. "Concerning" means relating to, referring to, describing, evidencing or constituting.

9. "Relating to," "related to" and "related" all mean constituting, comprising, describing, explaining, summarizing, being logically connected to, being causally connected to, being chronologically connected to, mentioning or in any way concerning, directly or indirectly.

10. The words "refer" or "relate" and any derivative thereof are defined to include the common meaning of those terms, and shall include indirect as well as direct references to, descriptions of, discussions of, or commentary on the subject matter of the request.

11. If you claim a privilege as a reason for withholding any information or documents from production, state for each document:

   a. the author;
   b. the addressee or recipient of the documents or any copy thereof;
   c. the date which the document bears, or, if it bears no date, the date on which it was created;
   d. the title or subject matter of the document, the number of pages in the document and a general description of its contents and of any attachments or enclosures to it;
   e. the nature of the document (e.g. memorandum, telegram, chart, etc.);
   f. persons to whom copies were furnished, together with their employer and job titles; and
   g. the reason(s) for the privilege.

12. If you refuse to answer an interrogatory on the grounds of burdensomeness, identify the number and nature of the documents needed to be searched, the location of the documents, and the approximate number of person hours and cost required to conduct the search.

13. You are directed to organize and label the documents produced in a manner sufficient to identify the specific request to which each document is responsive and the person who had physical custody of each document.

14. In making documents available, each document to be produced should include all attachments and all enclosures referred to in the document or which were originally attached to or enclosed with the document requested or to be produced.

15. The singular shall be construed to include the plural and the plural to include the singular. The words "and" and "or" shall be construed both disjunctively and conjunctively. If you are of the opinion that any interrogatory is subject to more than one interpretation, the appropriate interpretation is the one that makes the interrogatory more inclusive.

16. The word "or" and the word "and" are both intended to mean and/or. They should be read inclusively to mean and/or.

17. The terms "all" and "each" shall be construed as all and each.

## DOCUMENT REQUESTS

1. All monthly bank statements from all bank accounts from the last five (5) years.

2. All tax returns from the last five (5) years.

3. All documents concerning, relating to and/or evidencing Plaintiff's claimed losses or damages as a result of the incident.

4. All emails and text messages exchanged with anyone that relate to the emotional distress Plaintiff claims in this case.

5. Any and all documents attached or identified in Plaintiff's responses to Interrogatories or Rule 26 disclosures.

6. Any and all memoranda, reports, analyses or other assessments which refer or relate to Plaintiff's claims.

7. Any and all documents which support your claimed damages.

8. All documents you intend to rely upon at trial in this matter.

9. Photographs of Plaintiff which depict the weight loss claimed in this case.

10. Any and all written statements, transcriptions from any recorded statement, recordings of any oral statements, and summaries of all interviews directly or indirectly concerning the above captioned litigation made by any of the parties to this litigation or of any witnesses to the events set forth in Plaintiff's Complaint.

11. Any and all copies of reports, correspondence, memoranda and writings rendered by any expert witness employed or consulted by Plaintiff or anyone acting on your behalf concerning this matter.

12. Any and all documents in the possession, custody and/or control of each and every person with knowledge of any of the events and/or circumstances that may be relevant to any of the allegations set forth in Plaintiff's Complaint, or otherwise responsive to any of the requests herein, not specifically produced in response to the above.

**GOLDBERG SEGALLA LLP**

Date: November 3, 2025

/s/ Matthew S. Marrone
Matthew S. Marrone, Esquire
711 Third Avenue, Suite 1900
New York, NY  10017
*Attorneys for Defendants*
*Judgment Recovery Partners, LLC,*
*Tyler Umans and James W. Olsen*